EDWARD WEISSNER vs. DANIEL WELLS, Jr., and
ABNER KIRBY, impleaded with MARCIA WELLS,
LETITIA R. KIRBY and AUGTSTUS W.
GOETS, Appellants.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard October 26.]                    [Decided November 15, 1859.

*Mortgage—Sale of Mortgaged Premises.*

The act extending the time of advertising the sale of mortgaged premises did
    not apply to a cause commenced before, and pending for trial at the time of
    the passage of the act. COLE, J., dissenting.
The case of *Ogden vs. Glidden et al., supra*, 46, considered and approved.

This was an action to foreclose a mortgage made by Wells
& Kirby on the 6th of February, 1853, payable to Weissner, for
$1506,67, in four years, according to their note. The com-
plaint was served May 14, 1858. The answer set up an ex-
tension of the time of payment until February, 1859; and on
that point the trial proceeded, and the finding which was
made on the 24th of July, 1858, was against the answer.
The appellants excepted to the finding and judgment of the
court, which orders and directs " that the mortgaged premises
described in the complaint in said action, and in said judg-
ment set forth, be sold at public auction, in the county of
Milwaukee, by the sheriff of said county; that the said sheriff
give public notice of the time and place of such sale, by ad-
vertising the same for six weeks successively, at least once in
each week, and at least twice in each week, during the last
three weeks of such advertisement." And they appealed
from the judgment of this court.

*Wells & Brigham*, for the appellants.

*Palmer & Stark*, for the respondent.

By the Court, PAINE, J. The decision of this appeal de-
pends entirely on the question whether the act commonly

called the mortgage stay law, was applicable to suits pending at the time of its passage, which the majority of the court, in the case of *Ogden vs. Lockwood & Glidden*, have at the present term decided in the negative. The point was re-argued in this case, but our view remains unchanged. We think the language of the act clearly includes only actions thereafter commenced, and those in which judgment had theretofore been rendered. And although including the latter indicates that the legislature would have included actions then pending if their attention had been called to it ; yet as the legislation is retroactive in its character, we do not feel warranted in extending it by construction beyond the clear intent of the act, as shown by the language used.

The judgment is affirmed with costs.


COLE, J., filed the following dissenting opinion, January 16, 1860 :

In the case of *Van Baumbach vs. Bade*, decided at the June term of this court, 1859, and the opinions in which were filed December 14th, the validity of the act of 1858, " relating to foreclosure of mortgages and the sale of land under such foreclosure," was affirmed; the court holding that the law affected the remedy merely, and it did not impair the obligation of pre-existing contracts within the meaning of the prohibition of the constitution of the United States. In the present case, a majority of the court hold that this law did not apply to any action pending for the foreclosure of the mortgage, at the time the law took effect; and from this view of the law I am constrained to dissent for one or two reasons, which I will proceed to state.

In the first place, it is quite evident that this law is very inartificially drawn, and there may be some room for discussion as to what its language fairly implies. The first section

of the act says, " that in all actions and proceedings at law *hereafter* commenced under that portion of chapter 84 of the Revised Statutes, entitled of the powers and proceedings of courts in chancery on bills for the foreclosure or satisfaction of mortgages, the defendant in such action shall have six months to answer," &c. Strictly speaking, probably no action was commenced under chap. 84, R. S., 1850, after the law of 1858 went into operation, for the reason that the code had, by implication at least, repealed that chapter in prescribing that the distinction between actions at law and suits in equity, and the forms of such actions theretofore existing should be abolished, and substituting a form of action for the old bill in chancery. And notwithstanding this language would seem to apply to a proceeding in chancery to foreclose a mortgage, yet we held that it was undoubtedly intended to apply to an action under the code, commenced by complaint. Some other clauses in the law, are equally wanting in clearness of thought and precision of language, as the one just referred to ; but still, if we bear in mind a few of the elementary rules for the construction of statutes, and apply them to this act, I think there is no difficulty in arriving at its correct interpretation.

It is a well settled rule that in construing statutes, we must look at the old law and determine the mischief which it was intended to guard against, and the remedy which the legislature meant to furnish by the new enactment. It is also the duty of the court to give full effect to the real intention of the legislature in passing the statute ; and this intention is to be gathered from the whole and every part of the law taken together. If in any particular clause an expression is used not so comprehensive in its import, as those used in the other parts of the act, yet, if upon a view of the whole act, the court can collect a manifest intention to give the statute a more extensive application than such partial clause would import,

then this more extensive meaning is to prevail. There will be no dispute as to the general correctness of these rules for the construction of statutes; and, keeping them in view, let us consider the act in question and determine its intent and meaning.

Without going into any minute detail as to the legal steps necessary to be taken under the code for the foreclosure of mortgages, it is sufficient to say that the remedy was quite prompt and summary. The defendant was required to answer in twenty days after the service of a copy of the complaint, and upon default, the plaintiff perfected his judgment of foreclosure and proceeded to sell the mortgaged property. The property was advertised for only six weeks. The whole proceeding, from the filing and service of the complaint, to the completion of the sale and report of the officer making the same, covered only a few months. While this prompt remedy for the foreclosure of mortgages existed; and during the latter half of the year 1857, it is well known that a financial crisis, which was as unexpected in its occurrence as it was disastrous in its results, swept over the state, and the whole commercial world. All business was paralized; confidence and credit destroyed; the circulating medium and exchanges were violently contracted; and all property, particularly real estate, was greatly depreciated in value. Mortgagors found it impossible to meet their engagements, while mortgagees had the power of obtaining the mortgaged property by foreclosure and sale, at a nominal sum. During this general embarrassment and pecuniary distress, the legislature passed the law of 1858, for the relief of this class of debtors.

The plain intent and object of the law was to render the foreclosure of mortgages and sale of land under such foreclosure less summary. It was intended to delay these proceedings in order to give the mortgagor some time to raise the means to meet his debt and prevent a ruinous sacrifice of

his property. I suppose this is too obvious to require comment. Hence, by the first section of the act, six months time is given the defendant to answer the complaint, and no default could be entered in the action until after the expiration of that time. The second section provides, in substance, that mortgaged premises shall be sold only on six months' notice of sale. Now it is insisted that this law, passed under such circumstances, and for the object above stated, only relates to two classes of cases; 1, When the action to foreclose the mortgage is commenced after the law took effect; and 2, When, before the passage of the act, judgment had been entered, or an order made for the sale of the mortgaged premises; but that it does not apply to an action commenced before, and in which judgment was not rendered until after the law went into operation. But can any one suggest a satisfacry reason for the legislature thus discriminating in the act between a case pending when the law took effect, and one which had already passed into judgment, or where the action should thereafter be commenced ?

No such reason occurs to my mind, and I do not think the legislature intended thus to discriminate. For it would seem that if the legislature interposed for the relief of a mortgagor, when judgment had been rendered, it is fair to presume that it would do so for the relief of one when the action was pending, but judgment had not been rendered. And it appears to me that it is putting upon the law a construction not warranted by the words, to hold that it does not apply to the latter case.

It is insisted that the language in the second section, "whenever in such action or proceeding judgment shall be entered," &c., relates properly to the preceding section and applies only to a case commenced after the law took effect; but I do not think it has this restricted meaning. When the undoubted intention of the legislature in passing the act, is regarded, it

will best effectuate that intention by giving this language a more extended application, as relating to suits already pending, as well as actions to be thereafter commenced.

This view of the law is strengthened by the latter clause of section three. This section, after prescribing the duty of the officer in giving notice of sale, also provides that " no sale of mortgaged premises, under foreclosure by action, shall be valid, unless made in accordance with the provisions of this act." It appears to me that if there were any doubt about the act applying to pending suits, this language is sufficiently clear and certain to remove it. It says that "no sale of mortgaged premises under foreclosure by action," " shall be valid," &c. This applies to all sales in all actions for foreclosure of a mortgage. The construction which I have put upon the provisions of this statute, is supported by these words ; and as the object of the legislature is plain and unequivocal, I must hold that it applies to pending actions.

But as the law of 1858 has been repealed, a proper construction of its provisions is a matter of less importance than though it were in force. I therefore will pursue the discussion no further.